GEORGE HAMBERG v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

May 24, 1897.

Nos. 10,579—(141).

**Insurance—Action on Policy—Trial—Offers of Evidence.**

Plaintiff's evidence on the trial, and his examination before a notary, taken after a loss, pursuant to the terms of the insurance policy, related to the same matters, and most of the statements made on the one occasion are mere repetitions of those made on the other, but there were several material contradictions and discrepancies. Defendant offered in evidence the whole written examination, which was very long, and, when the offer was refused, proceeded to offer separately each question and answer, which was refused. *Held* no error; it was the duty of counsel to pick out and offer only those portions which contradicted in some degree the evidence so given on the trial.

**Same—Expert Testimony.**

Expert evidence as to whether a certain quantity of goods in a certain room could have burned up without destroying the floor, *held* incompetent.

**Same—Sufficiency of Evidence.**

Evidence *held* sufficient to sustain the verdict.

[1] Reported in 71 N. W. 388.

### Same—Arbitration Clause—Waiver of Right.

A provision in an insurance policy, providing for submitting the amount of loss to arbitration, is valid; but *held*, the insurer waived this provision by denying its liability, and telling the insured, in substance, that if he got any insurance money he would have to recover it in court.

### Same—Misrepresentation in Proof of Loss.

The policy provided that it should be void if the insured misrepresented material facts, or was guilty of fraud. *Held*, the court properly refused defendant's request to charge, in effect, that the slightest possible exaggeration of the amount or value of the property destroyed, made knowingly and willfully in the proofs of loss, avoided the policy.

### Same—False Proof of Loss.

The policy provided that it shall be void in case of any fraud or false swearing by the insured touching any matter relating to the insurance, or the subject thereof, whether before or after loss. *Held*, such willful false swearing as to a material matter, on such examination of the insured after the loss, forfeited the whole sum due, and not merely the amount due on the particular item of damage, or for the loss of the particular article to which the false statement related.

### Same—Instructions.

The defendant pleaded, and gave evidence tending to prove, certain complete defenses. *Held*, the court erred in charging the jury that plaintiff was, in any event, entitled to recover a certain sum.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a new trial after a verdict for plaintiff for $326.07. Reversed.

*Palmer & Dickinson*, for appellant.

Fraudulent overvaluations in proofs of loss, knowingly and willfully made, and false answers and statements relevant and material to the subject of inquiry, and which are knowingly and willfully made and given under oath, upon an examination provided for by the terms of the policy, will avoid the policy and forfeit all right to recovery thereunder. Claflin v. Commonwealth, 110 U. S. 81; Smith v. Queen, 1 Hann. 311; Security v. Bronger, 6 Bush, 146; Gross v. St. Paul, 22 Fed. 74; Bonner v. Home, 13 Wis. 677; Grigsby v. German, 40 Mo. App. 276; Dolloff v. Phoenix, 82 Me. 266. Fraud in any part of the formal statement of loss taints the whole. Sleeper v. New Hampshire, 56 N. H. 401; Wall v. Howard, 51 Me. 32; Leach v. Republic, 58 N. H. 245. Fraudulent overvaluations in proofs of loss forfeit all

claim under the policy. Huchberger v. Home, 5 Biss. 106; Weide v. Germania, 1 Dill. 441; Geib v. International, 1 Dill. 443; Britton v. Royal, 4 F. & F. 905; Lion v. Starr, 71 Tex. 733; Home v. Winn, 42 Neb. 331; Knop v. National, 107 Mich. 323.

*C. D. & Thos. D. O'Brien,* for respondent.

CANTY, J. This is an action on a fire insurance policy to recover for a loss by fire. Plaintiff had a verdict, and from an order denying a new trial defendant appeals.

1. On the trial defendant offered in evidence the two written examinations of plaintiff, each taken after the loss at the instance of defendant, pursuant to provisions in the policy, and signed by the plaintiff before a notary public. The court, on plaintiff's objection, rejected the offer. Then defendant offered each written examination separately, and, this being refused, proceeded to offer separately each question and answer in each document. These offers were also refused, and all of these rulings are assigned as error. We are of opinion that the court was justified in refusing all the offers. The examinations in question were very long, and the statements taken thereon are largely a mere repetition of the evidence which plaintiff had already given on the trial. There are a number of discrepancies and contradictions between some of plaintiff's evidence as given on the trial and some of his statements made on these examinations, and defendant was entitled to introduce in evidence these particular statements, not merely for the purpose of impeachment, but as original evidence, for these statements are material admissions made by the plaintiff himself, which tended to contradict his evidence given on the trial. It was the duty of defendant, not of the court, to pick these statements out of the large amount of immaterial matter offered, and defendant could not evade that duty by offering separately each question and answer that appear on the 34 pages of the paper book covered by said examinations. Defendant's course was wholly unreasonable.

2. One of the firemen who was present at the fire was called as a witness by defendant, and asked the following question:

"Q. I will ask you whether, in your opinion, based upon your experience as a fireman, that quantity of goods which is mentioned on

68 M—22.

those two pages there could have burned in that one room, without destroying the floor. * * * I mean burned beyond identification, without destroying the floor."

The court sustained plaintiff's objection to this as incompetent. There was one hole burned in the floor, and it was otherwise injured. We are of the opinion that the matter was not a proper subject for expert evidence. So much depends on where the fire originated, the draft, the comparative inflammability of the floor and the articles in the room, the character of the carpet which protected the floor, and many other conditions too numerous to mention, that no expert should be allowed to answer the question asked.

3. The evidence is sufficient to sustain the verdict. The defendant did not object to plaintiff's giving in evidence the original cost price of the goods when purchased, instead of their value at the time of the loss. On none of the grounds stated by appellant can we hold that the evidence was not sufficient to make a case for the jury.

4. The policy provides that in case of a disagreement as to the amount of the loss the parties shall submit that matter to arbitration, one arbitrator or appraiser to be selected by each, the two to select a third; and that no action shall be maintained on the policy until after full compliance with this provision. Neither party attempted to comply with this provision, and plaintiff contends that the same has been waived by defendant. Plaintiff testified that after he furnished proofs of loss, and submitted to said examination, he asked defendant's adjuster if it was going to settle up now, and he answered, "No; I ain't going to pay you any money till you go in the court and fight us;" that he told plaintiff to go ahead and sue. We are of the opinion that this is sufficient evidence of waiver. 2 Bid. Ins. § 1175. The adjuster was called as a witness for defendant, and denied that he had ever made any such statement as testified to by plaintiff as aforesaid. At the close of the evidence the defendant requested the court to charge the jury that plaintiff could not recover unless defendant had in some manner waived said provisions of the policy providing for such arbitration. The court refused the request, and, in effect, charged the jury that plaintiff is entitled to recover regardless of the existence of such provisions. This was error. These provisions of the policy are valid and binding unless waived. Gasser v. Sun, 42 Minn. 315, 44 N. W. 252;

Powers v. Imperial, 48 Minn. 388, 51 N. W. 123; Mosness v. German, 50 Minn. 341, 52 N. W. 932.

5. The policy further provides:

"This entire policy shall be void if the insured has concealed or misrepresentèd, in writing or otherwise, any material facts or circumstance concerning this insurance, or the subject thereof; * * * or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Defendant requested the court to charge as follows:

"(4) If you find from the evidence that the plaintiff knowingly and intentionally, in the proofs of loss furnished by him to the defendant company, overstated or exaggerated either the amount or value of the goods and property which were destroyed or damaged by the fire, then your verdict must be for the defendant."

The refusal to give this request is assigned as error. According to this request, the slightest possible exaggeration of the amount or value of the property so destroyed or damaged would be sufficient to defeat plaintiff's claim. If plaintiff so exaggerated to the amount of a fraction of a cent, he cannot recover. Such is not the law.

6. Defendant's fifth request to charge is as follows:

"(5) If you find from the evidence that the plaintiff knowingly and intentionally, in either of his examinations under oath taken before the notary public, Thompson, swore falsely to any facts which related to the amount of his loss, or the amount of his claim against the company, then, and in that case, your verdict must be for the defendant."

The court not only refused to give this request, but also charged the jury that if plaintiff on his said examination swore falsely as to one article covered by the insurance policy, it would not prevent him from recovering for other articles. This was error. Such willful false swearing avoids the whole policy. Claflin v. Commonwealth, 110 U. S. 81, 3 Sup. Ct. 507. The answer does not allege any such defense, and plaintiff urges that therefore this part of the charge is error without prejudice. There is evidence which would support a finding that plaintiff, on said examinations, did knowingly swear falsely as to material matters, with intent to deceive defendant; but, as this evi-

dence was competent for other purposes, it is doubtful whether, up to the close of the evidence, plaintiff had by his conduct consented to litigate any such issue. However that may be, the court, in its charge, submitted the question to the jury without objection from plaintiff. Then we must hold that plaintiff consented to litigate such issue; and when the question is submitted to the jury at all it must not be submitted by propositions of law which are in themselves erroneous.

7. The court also charged the jury that in any event plaintiff is entitled to a verdict for $200. This is error. The defendant did not anywhere, either in the pleadings or evidence, concede anything of the kind. True, the defendant, in its answer, denied that plaintiff's damage by the fire exceeded the sum of $200, but it alleged, and gave evidence to prove, other defenses on which it was entitled to have the jury pass, and which, if found in its favor, constitute a complete bar to plaintiff's recovery. This disposes of all the questions raised having any merit.

The order appealed from is reversed, and a new trial granted.