# JOHN B. HODGE v. FRANKLIN INSURANCE COMPANY OF PHILADELPHIA.[1]

July 1, 1910.

Nos. 16,598—(93).

**Alternative motion — appeal from part of order.**
　　When a blended motion is made for a new trial and for judgment notwithstanding the verdict, that part of the order denying the motion for judgment is not appealable.

**Value of property insured — fraud — evidence.**
　　The evidence is sufficient to sustain the jury in finding that respondent

[1] Reported in 126 N. W. 1098.

111 M.—21.

had not fraudulently represented the value of the property insured and the amount of the loss sustained.

**Charge to jury.**

There were no errors in the charge submitting these issues to the jury.

Action in the district court for Blue Earth county to recover $1,200 for loss of a building insured in defendant company. Defendant admitted the issue of the policy, but alleged that it was procured through fraud and collusion between plaintiff and its agent; that the premium had not been paid, and that plaintiff made fraudulent proofs of loss. The case was tried before Pfau, J., and a jury which rendered a verdict in favor of plaintiff for $985.92. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied, and from that part of the order denying the motion for judgment, defendant appealed. Affirmed.

*A. R. Pfau, Jr.,* and *C. J. Laurisch,* for appellant.

*C. L. Benedict* and *D. J. Severance,* for respondent.

LEWIS, J.

Respondent was the owner of a building and certain household goods and personal property located therein, on which he took out three insurance policies, two on the building and one on the personal property. A fire occurred, and an action was brought against each of the companies to recover on each of the policies. The three actions were tried together, resulting in a verdict for the plaintiff in each case. The several appellants moved for judgment notwithstanding the verdict and for a new trial, which was denied. In the case against the Mercantile Fire & Marine Insurance Company, involving the personal property, appeal was taken from the whole order; but in the other two cases appeal was taken from that part of the order which denied the motion for judgment.

It is the settled rule of this court that, where the blended motion is made for judgment notwithstanding the verdict and for a new trial, an appeal from that portion of the order denying the motion for judgment does not have the effect of presenting any question

for review. St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; Oelschlegel v. Chicago G. W. Ry. Co., 71 Minn. 50, 73 N. W. 631; Savings Bank of St. Paul v. St. Paul Plow Co., 76 Minn. 7, 78 N. W. 873; Kalz v. Winona & St. Peter Ry. Co., 76 Minn. 351, 79 N. W. 310; Sanderson v. Northern Pacific Ry. Co., 88 Minn. 162, 92 N. W. 542, 60 L. R. A. 403, 97 Am. St. 509.

The personal property consisted of household goods, clothing, and a small stock of merchandise contained in the building destroyed by fire. The complaint states that the value of the personal property so destroyed was $1,675, and that it was insured for the amount of $1,100. The answer presented the defense that respondent had fraudulently misrepresented the value of the property at the time the insurance was applied for and taken out, and also that he had falsely represented the amount of the loss. This issue of fraud and misrepresentation was submitted to the jury, and the principal assignments of error are directed to the sufficiency of the charge.

While discussing this subject, the court called the attention of the jury to the section of the policy which declared that the policy should be void if the insured should make any attempt to defraud the company, either before or after the loss, and said: "I will charge you, gentlemen, in connection with this matter, that if there was a misrepresentation by the plaintiff in this matter, and if you find from the evidence that the plaintiff knowingly and intentionally, in the proof of loss furnished by him to the company, materially overstated or exaggerated either the amount or value of the goods which were destroyed or damaged by fire, then your verdict must be for the defendant. This does not mean, however, a slight discrepancy or slight exaggeration of the amount would necessarily result in defeat of the plaintiff. The exaggeration or overstatement must be, to have this effect, of a material character. I charge you that, if it was intentionally and knowingly done, it does not cover a case where there might be a mistake made by a person in estimating the value of his property, or in putting in the value, or putting in what he has lost. To have this result, the mistake must be intentional, and be a mate-

rial mistake, not a matter of a few cents or dollars in the matter, but it must be a material misstatement and misrepresentation." The same idea was restated in similar language, and the court remarked: "It is not because of discrepancies existing in the proof of loss in question that you are to pass upon the question whether plaintiff should or should not recover." Standing alone, this statement would imply that the discrepancies in value were immaterial, and were not to be considered; but in other parts of the charge the court explained that the jury were to determine whether the mistakes were material and intentional. The general rule of law, as stated by the court, was correct—that an incidental or unintentional mistake in making out proof of loss does not necessarily mean fraud. "A discrepancy, even of very considerable proportions, between the amount stated by the insured in the proofs of loss and the value found by the jury, does not conclusively establish fraud or false swearing; but it remains a question of fact whether the overvaluation was intentionally fraudulent or merely an error of judgment. A very large discrepancy, however, is some evidence of fraud." 13 Am. & Eng. Enc. (2d Ed.) 344.

Respondent admits that the first statement of loss was inaccurate, but claims that immediately after the fire, and before he had an opportunity to look up the actual cost of some of the articles of household goods and clothing, he had put down their value, and then gave the paper to the adjuster; that afterwards he and his wife went over the list, and with the aid of many of the bills then ascertained the cost price and corrected the same, adding some articles which had been omitted from the first statement, and as thus corrected the loss was $1,488.45. Although several articles were considerably overvalued in the first statement, whether it was done for the purpose of defrauding the company was a question for the jury, and was fairly submitted.

The court also instructed the jury that the value of the property should be determined from the testimony of the witnesses in the case, and that the value as fixed by the assessor at a previous time in assessing the property had very little bearing on the question. We do not consider this statement as necessarily prejudicial. The

court no doubt referred to the general custom of assessors to under-value personal property of that character.

The other assignments of error do not require any special mention. Affirmed.