ARCHIE GOLDBERG v. GLOBE & REPUBLIC INSURANCE COMPANY OF AMERICA.[1]

March 8, 1935.

No. 30,118.

[1]Reported in 259 N. W. 402.

*Stacker & Stacker, William M. Serbine,* and *Thomas C. Daggett,* for appellant.

*Timerman & Vennum* and *Franklin Petri,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action on a fire insurance policy. There are two defenses, incendiarism and wilful misrepresentation by the insured as to ownership of certain of the destroyed property. Both issues were submitted under instructions such that the jury could find for defendant on either issue. They returned a verdict for defendant. Plaintiff appeals from a denial of his alternative motion for judgment notwithstanding or for a new trial.

In our view the question of whether plaintiff was guilty of incendiarism was properly submitted to the jury. We need not consider that question further here and shall confine our discussion to the trial court's action in submitting the second defense to the jury.

We can state the evidence briefly. The policy here sued upon was in the usual Minnesota standard form. It insured plaintiff's furniture and household effects for $2,000. A fire occurred which destroyed or damaged a large amount of the insured furniture and effects. Plaintiff duly submitted proofs of loss. Under a non-waiver agreement the damage to plaintiff's property subsequently was fixed at $1,118.61. Defendant does not dispute the amount so arrived at except as to an item of $3.50, representing the value of a bed which it is admitted plaintiff did not own. The representation of ownership as to this single $3.50 item is the only claim defendant makes of fraud or misrepresentation on plaintiff's part.

It is well settled that where an insured, in making proof of loss from fire, makes a misrepresentation through mistake or inadvertence as to the value or ownership of the property destroyed he

does not thereby avoid the policy for fraud. See collection of cases so holding in 20 A. L. R. 1164 and 56 A. L. R. 390. To avoid the policy in this situation it is necessary that there be a wilful and intentional misrepresentation such as is calculated to deceive the insurance company. See Bahr v. Union F. Ins. Co. 167 Minn. 479, 209 N. W. 490.

Under the circumstances of this case, we think it should be held as a matter of law that the representation as to the ownership of this $3.50 item was not wilful and intentional. The amount misrepresented is trivial as compared to $1,118.61, the total amount of the loss. In the absence of an admission on the insured's part, of adequate proof, that the representation was wilful and made with intention to deceive, we think it must be held as a matter of law that the representation is not wilful in a case such as this where the amount involved is extremely trivial and insubstantial. What constitutes a trivial or insubstantial amount depends upon the facts of each case. Here the amount misrepresented is less than 1/300 of the amount agreed upon under the nonwaiver agreement as due plaintiff from the defendant company. It can only be supposed that no individual, knowing that forfeiture of the entire amount due him is the penalty for a wilful misrepresentation, would intentionally misrepresent the ownership of this so insignificant item when the consequences are so great. In 99 cases out of 100 where such a small discrepancy occurs it will be found that the mistake is due to inadvertence or oversight and not to a wilful and intentional act calculated to deceive.

In this case plaintiff had an explanation to the effect that he happened to include this item of $3.50 through mistake or inadvertence. This might have been believed by the jury. Certainly plaintiff did not admit, nor does the evidence in any way conclusively show, that he wilfully misrepresented the facts as to his ownership of this bed. Particularly applicable here is the language in Hamberg v. St. Paul F. & M. Ins. Co. 68 Minn. 335, 339, 71 N. W. 388, 389. In that case the defendant requested an instruction as follows:

" 'If you find from the evidence that the plaintiff knowingly and intentionally, in the proofs of loss furnished by him to the defendant company, overstated or exaggerated either the amount or value of the goods and property which were destroyed or damaged by the fire, then your verdict must be for the defendant.' "

The court said [68 Minn. 339]:

"According to this request, the slightest possible exaggeration of the amount or value of the property so destroyed or damaged would be sufficient to defeat plaintiff's claim. If plaintiff so exaggerated to the amount of a fraction of a cent, he cannot recover. Such is not the law."

See also Hodge v. Franklin Ins. Co. 111 Minn. 321, 324, 126 N. W. 1098, 1099, where the court stated:

"The general rule of law, as stated by the court, was correct—that an incidental or unintentional mistake in making out proof of loss does not necessarily mean fraud."

In view of the above, it was error to submit the question of misrepresentation to the jury. The court instructed the jury in effect that if they found plaintiff wilfully misrepresented that he owned this bed when as a matter of fact he did not own it, then they were to find for defendant. Since it appears as a matter of law that the representation was not wilful, there must be a reversal for this error in submitting this issue to the jury.

It is settled that where there are two or more material issues tried and submitted to the jury and the verdict is a general one, it cannot be upheld if there was error in instructing the jury as to any one of the two or more issues. 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7168. It does not conclusively appear that defendant was entitled to a directed verdict on the issue of incendiarism. This court cannot speculate upon which of the two issues here involved the jury found for defendant. There must be a new trial. It is immaterial here what the jury found on the issue of incendiarism. The possibility that they might have found for plaintiff on the issue of incendiarism but in favor of defendant on

the erroneously submitted issue of misrepresentation requires a new trial since it does not appear, and we have no means of ascertaining, on which issue the jury returned the verdict for defendant.

Reversed and new trial granted.

