The NEW ZEALAND INSURANCE COMPANY, Limited, Appellant,

v.

Louis LENOFF and Ella Lenoff, Appellees.

No. 17821.

United States Court of Appeals Ninth Circuit.

March 12, 1963.

Long & Levit, Bert W. Levit, David C. Bogert and Irving L. Halpern, Los Angeles, Cal., for appellant.

Dryden, Harrington, Horgan & Swartz, and Robert A. Klein, and Vernon G. Foster, Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and PENCE, District Judge.

PER CURIAM.

This case, involving an action by homeowners (appellees) against their insurer (appellant), under an all physical loss home policy, for damages to their home as a result of movement of its supporting earth, was tried and decided by the District Court prior to the filing on January 17, 1963, of the opinion of the Supreme Court of California in Sabella v. Wisler, 27 Cal.Rptr. 689, 377 P.2d 889.

The insurance policy here in question contained, exactly, the same insuring clause, as well as the same exceptions, as that construed in Sabella v. Wisler.[1]

The District Court in rendering judgment in favor of the homeowners based its conclusion as to the insurer's liability upon the theory that the exclusionary term "settling" as used in the policy meant, as a matter of law, "minor" or "normal settling," so that while damage resulting from minor or normal settling was thereby excluded from coverage under the policy, damage from major or extraordinary settling, such as here was found to have occurred, was not so excluded.

Since Federal jurisdiction here was based upon diversity, it was conceded by both parties that the law of California controls the disposition of this case.

[1]. The policy of insurance sued upon by homeowners provides as follows:

"Section I of this policy insures against all loss or damage by fire and, with respect to other perils, all risks of physical loss or damage to the property insured except as otherwise excluded.

"*Exclusions.* This policy does not insure against:

"Under Coverages A, B, C and D—

"(g) loss by termites or other insects; wear and tear; deterioration; smog; smoke from agricultural smudging or industrial operations; rust; wet or dry rot; mould; mechanical breakdown; *settling*, cracking, shinkage, or expansion of pavements, foundations, walls, floors, or ceilings; unless loss by fire, smoke (other than smoke from agricultural smudging or industrial operations), explosion, landslide, collapse of buildings, water damage, or glass breakage ensues, and this Company shall then be liable only for such ensuing loss;" (Emphasis added.)

**96**

By virtue of Sabella v. Wisler, supra, the law appears now settled that in California an all physical loss home policy excluding coverage for damage sustained as a result of "settling," would not cover damage sustained due to a house settling into the soil thereunder unless the immediate cause of the settling is an unanticipated event or casualty rather than an inevitable occurrence.

Inasmuch as this case was tried and decided on a legal theory of the meaning of the policy coverage which the highest court of California has now declared to be incorrect, it is necessary that the judgment of the District Court be set aside, and the case remanded for retrial, and it is so ordered.

We do not pass upon any of the other issues raised by this appeal. Any possible rulings in connection therewith must await another day with the trier of fact.