FAWCETT HOUSE, INC. v. GREAT CENTRAL INSURANCE COMPANY.

159 N. W. (2d) 268.

May 24, 1968—No. 40,883.

*Jesse & Cosgrove,* for appellant.

*Nolan, Alderman & Holden* and *Richard H. Breen,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Defendant appeals from an order denying its motion for judgment n.o.v. or for a new trial and from the judgment.

In accordance with the jury's answers to questions submitted by special verdict, the trial court ordered judgment of $14,600 against defendant upon plaintiff's claim that the destruction of its heating and plumbing system as a result of a freeze-up and the accompanying damage to its premises (known as the Fawcett House) was covered by a casualty insurance policy underwritten by defendant. It is undisputed that the loss and damage resulted from the freeze-up which followed the acts of vandals who broke into and entered plaintiff's premises in Crow Wing County between January 8 and January 10, 1966, and, among other things, turned off the electric power which activated the heating system.

The single question presented on appeal is whether the casualty for which compensation is claimed was covered by the insurance contract. The basis of defendant's appeal is the assertion that the policy of insurance in plain and unambiguous language excludes the risk of loss such as occurred here by reason of paragraph 4 of a policy endorsement which, after providing coverage for "direct loss by Vandalism and Malicious Mischief," excludes from coverage losses—

"(d) from depreciation, delay, deterioration or loss of market; nor, unless specifically endorsed hereon, for any loss resulting from change in temperature or humidity."

Defendant argues that the words "any loss" ought to be interpreted literally so as to exclude the claim before us. We cannot agree. The operative words are "resulting from change in temperature or humidity." The fact that, after the vandals had turned off the heating plant, freezing temperatures caused a rupture of the heating and plumbing systems is neither clearly nor necessarily a loss "resulting from change in tempera-

ture" within the usual and ordinary meaning of paragraph 4(d)[1] or within the contemplated intent and purpose of the exclusionary provision.[2] Where the language of an exclusionary clause is ambiguous, any doubts as to its meaning must be resolved in favor of the insured and against the insurer who drafted the contract. Simon v. Milwaukee Auto. Mutual Ins. Co. 262 Minn. 378, 115 N. W. (2d) 40. We readily agree with the trial court that the clause is ambiguous, requiring construction. As stated in its memorandum:

"The court agrees that paragraph 4.(d) of the endorsement is ambiguous both in form and in substance. From the use of the conjunctive 'nor' following the semi-colon, it is not clear whether the insurer intended to introduce an added and independent basis for denying coverage by the provision following the semi-colon or was merely adding to the general type of loss excluded in that portion of paragraph which precedes the semi-colon. If it is the latter, as the plaintiff contends, then the words 'change in temperature or humidity' can reasonably be construed as having reference to changes in the weather. As used in the endorsement, the words 'depreciation' and 'deterioration' bespeak possible loss factors resulting from, or greatly affected by, the passage of time and changes in the weather. Coupling these words with the word 'delay' and the phrase 'change in temperature or humidity' in a single paragraph indicates to me that the quoted phrase was used in the sense of weather changes. In other words, where damage done by an act of vandals is increased by reason of the passage of time and changes in the weather, the endorsement excludes coverage to the extent of such increase. But that is not the situation in this case. While the outside temperature was extremely low and in conjunction with the loss of heat in the insured building caused by the act of vandals operated to cause the loss in this case, the evidence does not show that a change in the weather was a factor in the loss sustained by plaintiff."

However, even if the clause were viewed as stating a separate basis for

---

[1] Gershcow v. Homeland Ins. Co. 217 Minn. 568, 15 N. W. (2d) 88.

[2] Weum v. Mutual Benefit Health & Acc. Assn. 237 Minn. 89, 54 N. W. (2d) 20.

328

exclusion in that portion following the conjunctive "nor," as argued by defendant, it would not necessarily follow that the loss would be excluded. It is more reasonable to argue that loss from "change in temperature or humidity" encompassed only losses directly caused by such changes, not those incidentally aggravated by a change in temperature but which would not have occurred except for acts of vandalism, the risk of which was specifically covered by the policy. From this viewpoint also, the loss here is covered because it was directly caused by a specifically covered risk, even though indirectly and incidentally enhanced by another peril expressly excluded from coverage. Anderson v. Connecticut Fire Ins. Co. 231 Minn. 469, 43 N. W. (2d) 807.

Affirmed.