Richard L. WYATT and Marie G. Wyatt, Plaintiffs,

v.

NORTHWESTERN MUTUAL INSURANCE CO. OF SEATTLE, Defendant and Third-Party Plaintiff,

v.

J. A. DANENS AND SON, INC., Third-Party Defendant and Fourth-Party Plaintiff,

v.

POPPLER–CARDARELLE, INC., Fourth-Party Defendant.

No. 4–69 Civ. 186.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 7, 1969.

Robins, Davis & Lyons, by James L. Fetterly, Minneapolis, Minn., for plaintiffs.

Mordaunt, Walstad, Cousineau & McGuire, by Harold J. W. Sweet, Minneapolis, Minn., for defendant.

Meagher, Geer, Markham & Anderson, by Wm. Robert Nelson, Minneapolis, Minn., for third-party defendant.

Richards, Montgomery, Cobb & Bassford, by Nathan A. Cobb, Minneapolis, Minn., for fourth-party defendant.

NEVILLE, District Judge.

This matter is before the court on defendant's motion for summary judgment asserting that there is no genuine issue of material fact as to the assertions made in plaintiff's complaint. Diverse citizenship and appropriate amount in controversy are present.

Plaintiffs, homeowners in Minnesota, allege that they purchased from defendant insurance company, a foreign corporation, what is known as an all risk homeowners' insurance policy; that while said policy was in force plaintiffs' home was damaged under circumstances within the coverage of the policy; that plaintiffs have suffered damage in the amount of $30,000. Defendant's answer admits the issuance of an insurance policy to plaintiffs but asserts an exclusion contained therein to the effect that the Company is not liable:

> " * * * for loss caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landslide, mud flow, earth sinking, rising or shifting; unless loss by fire or explosion ensues, and this Company shall then be liable only for such ensuing loss * * *."

In due course after commencement of this action defendant served a third-party complaint upon J. A. Danens and Son, Inc. alleging subrogation rights and claiming that damage to plaintiffs' home, if any, was caused by the negligence of third-party defendant and/or its agents in excavating contiguous property adjacent to plaintiffs' home, thereby causing removal of lateral support and the "earth movement" which caused plaintiffs' damages. Following service of the third-party complaint, J. A. Danens and Son served a fourth-party complaint upon Poppler-Cardarelle, Inc. alleging that if there was fault or negligence or violation of an ordinance on the part of anyone, such was attributable to fourth-party defendant who employed third-party defendant to do excavating work on the contiguous property and who directed and instructed as to the manner and place of excavation. Both third-party and fourth-party defendants have filed answers herein denying culpability.

Plaintiffs take the position that the exclusionary language above quoted was designed and intended to exclude from coverage damage from natural causes and natural phenomena; i.e., earthquakes,

landslides, mud flow and other similar occurrences but that where the proximate and efficient cause of damage definitely is the action of a third-party, this exclusion does not apply even though the actions of such third-party may incidentally have caused some "earth movement."

Plaintiffs assert that the reason for the insertion of the exclusionary clause above quoted in all risk insurance policies is to relieve the insurer from occasional major disasters which are almost impossible to predict and thus to insure against. There are earthquakes or floods which cause a major catastrophe and wreak damage to everyone in a large area rather than one individual policyholder. When such happens, the very basis upon which insurance companies operate is said to be destroyed. When damage is so widespread no longer can insurance companies spread the risk and offset a few or the average percentage of losses by many premiums. Looking at the special exclusionary clause in the policy here in question, it seems to cover situations where one single event could adversely affect a large number of policyholders. Besides the particular clause which is before this court the insurer also excludes floods, tidal waves, a back up of water below the surface, changes in temperature and changes in the law. All of these are phenomena likely to affect great numbers of people when they occur.

This gives some force to the view that the various exclusions were not intended to cover the situation as here where "earth movement" occurred under a single dwelling, allegedly due to human action of third persons in the immediate vicinity of the damage. It seems hard to contend that the insurance policy meant to exclude all earth movements, for it is difficult to distinguish between a situation where a piece of heavy equipment breaks loose and hits a house causing serious damage and a situation where that equipment instead hits only an embankment next to a house but causes the earth to move and thereby damages the house. Certainly not all earth move-

ments, or at least those where some human action causes such are included in the exclusion. If this interpretation creates an ambiguity in the language then it is necessary to decide what earth movements were intended to be covered. The class cited in the exclusionary clause is therefore held, if not limited to natural phenomena, at least not to exclude coverage in the case at bar.

There is no dispute that the policy here involved covers acts of others than the owner. Plaintiffs urge that the proximate and efficient cause of this injury and damage is the act of the third and/or fourth-party defendant; that defendant insurer itself so asserts by bringing a third-party complaint and thus is estopped to deny the interpretation that plaintiff places on the exclusionary clause in the policy. The court need not however and so does not base its decision hereon on the grounds of estoppel.

Plaintiffs cite and rely upon the cases of Sauer v. General Ins. Co. of America, 225 Cal.App.2d 275, 37 Cal.Rptr. 303, 304 (1964); Sabella v. Wisler, 59 Cal. 2d 21, 27 Cal.Rptr. 689, 377 P.2d 889 (1963); New Zealand Ins. Co. v. Lenoff, 315 F.2d 95 (9th Cir. 1963).

The *Sauer* case involved an exclusionary clause identical to the one in the case at bar. There leakage from a pipe caused a portion of the land beneath a house to sink. The court held that the discharge of water from the pipe was the efficient proximate cause of the damage rather than the settling of the earth. It added that the cause to which the loss was attributed was the cause which sets the earth in motion. Thus it would appear that a distinction should be drawn between an excluded event which is a cause and such an event which is the inevitable result of another event.

The further case of Anderson v. Indiana Lumbermans Mutual Ins. Co. of Indianapolis, Ind., 127 So.2d 304 (La. App. 2nd Cir. 1961), involved a loss under an insurance policy which had an exclusionary clause for "[damage] caused directly or indirectly by earthquakes or

other earth movements, except landslides." There it was claimed that the damage was due to other earth movements. The court noted that:

"* * * The position so taken is to the effect that plaintiff alleges the cause of the loss to be from contraction and expansion of the earth, that such constitutes earth movement, and, therefore, that the loss is excluded from coverage by the exclusion clause. We cannot so construe the clause. As hereinabove stated, the pronouncement of the Supreme Court of this state * * * requires that the language of such exemption of coverage must be clear and specific. In this instance 'earth movements' is entirely too general to have application to any degree of certainty. Under the 'ejusdem generis' doctrine, the words 'earth movement' as used in the policy must be construed as embracing the same general kind, class or nature of peril as its companion words 'earthquake' and 'landslide'. The alleged circumstances, therefore, do not warrant the construction of 'earth movement' as contended for by the insurer." 127 So.2d at 308.

Consistent in theory with the above cited cases, though differing in its facts, is Fawcett House, Inc. v. Great Central Ins. Co., 280 Minn. 325, 159 N.W.2d 268 (1968).

Since the court finds the interpretation contended for by plaintiffs to be sound, it is perfectly obvious that there exists a fact question for trial by the court and jury, namely, was the movement of earth which resulted in damage to the house caused by the actions of third parties. If in fact at the trial it is established that actions of the third or fourth-party defendants or others caused such then the policy will be held by the court to cover plaintiffs' provable damage and the exclusionary clause held not applicable. Thus the court cannot say that there is no material fact issue involved and thus the motion for summary judgment must be denied. A separate order has been entered to this effect.