## ALVIN C. FRISBIE, Appellant, v. FIDELITY CASUALTY COMPANY, Respondent.

**Kansas City Court of Appeals, October 15, 1908.**

PLATE GLASS INSURANCE: Fire: Proximate Cause.    A policy on plate glass indemnifying against "breakage" stipulated that the insurer was not liable for damage happening by or in consequence of fire. A fire occurred in the block necessitating the dynamiting of the building where the plate glass was. *Held*, the insurer was not liable, since the fire and not the dynamiting was the *causa causans* which set in operation every agency that contributed to the breakage.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*Ed. E. Aleshire, R. T. Herrick* and *S. S. Gundlach,* for appellant, filed argument.

*Harkless, Crysler & Histed* for respondent.

(1) We contend that the company is not liable for a loss under this condition of the policy contract for the reason that the damage happened by and in consequence of a fire and that the proximate cause of the loss was brought about by and in consequence of the fire. Insurance Co. v. Boone, 95 U. S. 117; Gordon v. Rimington, 1 Campbell 123; Holwerson v. Railroad, 157 Mo. 230; Saxon v. Railroad, 98 Mo. App. 501; Cohen & Greenman v. Insurance Co., 96 Mo. App. 315; Railroad v. Kellogg, 94 U. S. 469; 4 Cooley's Brief on Insurance, 3019; White v. Insurance Co., 57 Me. 91.

JOHNSON, J.—Action on a policy of insurance. A jury was waived, the cause submitted on an agreed statement of facts, judgment was entered for defendant, and plaintiff appealed. The policy was for what is called plate glass insurance and by its terms defendant undertook to insure plaintiff against loss by "breakage of the glass," in a store building owned by plaintiff in the town of Hale. Among the conditions of the contract were the following:

"1. That such breakage shall be the result of accident and due to causes beyond the control of the assured. . . .

"4. That this company is not liable to make good any loss or damage which may happen by or in consequence of any fire (whether on the premises above described or not) or of invasion, insurrection, riot, or of any military or usurped power."

The following facts appear in the agreed statement: "That on the night of September 1, 1906, a disastrous fire broke out in the town of Hale, Mo. That the glass insured under said policy was situated in the one-story

brick veneer building on Lot 8, Block 9, of said town of Hale, Missouri. That said building was in the middle of a solid or practically solid block of brick and frame buildings; that two or three buildings were on fire at one end of said block, and the fire was sweeping toward the other end of said block; that Hale, Missouri, has but meagre fire protection, and no regularly organized and paid city fire department. That said building in which said glass was located was dynamited, either by the town authorities of Hale or a concerted action of the property-owners, including the rental agent of the building dynamited, to prevent the further spread of the fire. That the fire burned up to said building, scorched a small portion of said building and spread no further. . . . That Hale, Missouri, is a town of eight hundred to one thousand inhabitants. That the reasonable value of the glass broken is $80, the amount sued for."

The fact that the glass was broken in the destruction of the building by the town authorities or property-owners acting in concert, and for the apparently necessary and praiseworthy purpose of checking the advance of a destructive fire, compels us to hold that the loss was not due to a cause covered by the policy. In any reasonable view that may be taken of the facts, the loss was not the result of accident but of design. The persons who wrecked the building were actuated by no wrongful motive but by the apparently well-founded apprehension that the building, if not removed, would be destroyed by fire and would be the vehicle for spreading the destructive agency. Their act should not be regarded as the proximate cause of the loss, and the rule is well settled that the insurer is liable only for loss happening to the property insured against when the peril covered by the policy is the proximate cause of the loss. [1 Wood on Fire Insurance (2 Ed.), sec. 106.]

In the leading case of Insurance Co. v. Boon, 95 U. S. 117, the policy contained the clause: "The company shall not be liable to make good any loss or damage by fire which may happen or take place by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power." The time of the insurance was during the civil war. Union military forces were in possession of the city and were about to be driven therefrom by a hostile army. To prevent military stores from falling into the hands of the enemy, the Union commander set fire to the city hall. The fire spread to and destroyed the property insured. The Supreme Court of the United States held that the proximate cause of the loss fell within the scope of the clause we have quoted. It is said in the opinion: "The question is not what cause was nearest in time or place to the catastrophe. That is not the meaning of the maxim *'causa proxima, non remota spectatur.'* The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. The causes that are merely incidental or instruments of a superior or controlling agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result. It is only when the causes are independent of each other that the nearest is, of course, to be charged with the disaster. . . . The fire occurred while the attack was in progress, and when it was about being successful. The attack, as a cause, never ceased to operate until the loss was complete. It was the *causa causans* which set in operation every agency that contributed to the destruction. It created the military necessity for the destruction of the military stores in the city hall, and made it the duty of the commanding officer of the federal forces to destroy them. His act, therefore, in setting fire to the city hall, was directly in the line of the force set in motion by the usurping

power, and what that power must have anticipated as a consequence of its action."

The basic principle of this decision was applied by this court in Laub v. Railroad, 118 Mo. App. 488. In that case, a passenger was induced to leave his train by the misdirection of the carrier. The train pulled ahead a short distance and stopped at an eating house. The passenger, being left in the dark at an unilluminated station, attempted to regain his train. At the invitation of the conductor of a train operated by another carrier who offered to show him the way, he crossed over to the platform where the conductor was standing and, following his guidance, stepped into a hole negligently left on its premises by the last-mentioned carrier, and was injured. He sued the carrier whose passenger he was for the damages sustained and we held that the negligent misdirection of that carrier was the proximate cause of the injury, saying: "It failed in the performance of a contractual duty when it negligently invited him to temporarily leave the train at the wrong place and then went off leaving him standing there. It put him in a place of comparative danger and left him to his own resources to extricate himself. He was under the necessity of overtaking his train if he could, and the problem confronting his dazed understanding was how best to reach the train. In the darkness ahead of him both available ways—the one down the track and that he attempted to take—were equally obscure to his vision. He could not know of the possible dangers that lurked in either path. The hole into which he fell; a culvert, which for aught he knew might have been in the railroad track; rough and uneven ties therein; the darkness around him; his entire ignorance of the locality, were all elements of the single danger into which he was plunged by the negligent act under consideration and as such were purely incidental and auxiliary and only served to furnish a con-

dition for the operation of the negligent act. The negligence, if any, of the Rockport conductor should be placed in the same category. One who is compelled to grope blindly forward is to be expected to avail himself of chance human aid and if, thereby, he encounters fresh perils, they are but incidents or offshoots of his general danger. The conclusion is irresistible that defendant's negligent act was the sole producing cause of the injury."

This principle applied to the facts of the present case points to the fire as the proximate cause of the loss. It was the *causa causans* and the dynamiting of plaintiff's building was one of its natural and necessary results, not an independent, supervening cause.

The judgment is affirmed. All concur.