202 So.2d 598 (1967)
ALLSTATE INSURANCE COMPANY, a Corporation, Appellant,
v.
COIN-O-MAT, INC., a Florida Corporation, Appellee.
No. H-310.
District Court of Appeal of Florida, First District.
September 26, 1967.
*599 Wallace W. Kennedy, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Joseph Q. Tarbuck, Pensacola, for appellee.
PER CURIAM.
The defendant in an action upon an insurance policy has appealed from a final summary judgment entered by the Circuit Court for Escambia County.
The question presented for our determination is whether that judgment was entered pursuant to Rule 1.510, Florida Rules of Civil Procedure, as amended, 31 F.S.A.  that is, whether there was no genuine issue as to any material fact and whether the plaintiff was entitled to such a judgment as a matter of law.
The policy in question includes vandalism and malicious mischief insurance, covering the contents of an automatic coin-operated laundry owned and operated by the plaintiff.
On the date in question, while the policy was in force, one or more persons entered the said laundry and severely damaged 12 washing machines, requiring the plaintiff to expend substantial funds in order to repair the damaged machines. The defendant, the insurer, however, refused to pay for the loss on the ground that the loss was not covered by the policy. This position of the defendant was founded upon an exception clause of the policy providing that the policy does not cover any loss by theft or burglary.
The evidence before the court was sufficient to establish without conflicting inferences that the plaintiff suffered a direct loss to its insured property through vandalism or malicious mischief, which loss is not excluded from coverage even though it may have occurred in the course of an actual or attempted theft or burglary. The burden was on the defendant to prove that the plaintiff's loss came under some exclusionary clause of the policy, which burden was not carried. Fla.Jur., Insurance, Sec. 437. Under these circumstances we think the Circuit Court was justified under our procedural rules in entering the final summary judgment appealed from.
Affirmed.
WIGGINTON, C.J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.