**BEAUTY SUPPLIES, INC., a corporation, a/k/a National Beauty Supplies, Inc., a corporation, Plaintiff-Respondent,**

v.

**The HANOVER INSURANCE COMPANY, a corporation, et al., Defendants-Appellants.**

**No. 36470.**

Missouri Court of Appeals, St. Louis District, Division Four.

July 8, 1975.

Motion for Rehearing or Transfer Denied Aug. 7, 1975.

Willson, Cunningham & McClellan, J. H. Cunningham, Jr., St. Louis, for defendants-appellants.

Burton H. Shostak, Kramer, Chused, Shostak & Kohn, St. Louis, for plaintiff-respondent.

NORWIN D. HOUSER, Special Judge.

Action for damages to property belonging to Beauty Supplies, Inc. under the vandalism and malicious mischief coverages of policies of insurance issued by five insurance companies. Following trial to the court without a jury judgment was rendered for insured for $14,388.90. The five insurers appeal on the sole ground that the loss was not covered because it resulted from thieves or burglars breaking into the building and causing the damage and the policies expressly exclude loss by pilferage, theft, burglary or larceny. We affirm.

The five policies are not all-risk policies but insure only specific perils such as fire, lightning, sprinkler leakage and the perils listed in the extended coverage endorsement, which do not include water damage. The five identical vandalism and malicious mischief endorsements read as follows:

"In consideration of the premium for this coverage, and subject to the provisions of this policy and the Extended Coverage Endorsement attached thereto, the coverage under said Extended Coverage Endorsement is extended to include direct loss by Vandalism and Malicious Mischief.

"Provisions Applicable Only to Vandalism and Malicious Mischief: The terms 'vandalism' and 'malicious mischief' as used in this endorsement mean only willful and malicious damage to or destruction of the property covered hereunder.

\* \* \* \* \* \*

"2. This Company shall not be liable for loss—

\* \* \* \* \* \*

(b) by pilferage, theft, burglary or larceny, except that this Company shall be liable for willful damage to the building(s) covered hereunder caused by burglars;

\* \* \* \* \* \*"

On May 20, 1970 insured was a tenant occupying the ground floor of the building located at 5605–07 Delmar Boulevard in the City of St. Louis. The building in which insured's property was located was not covered by these policies. On that date unauthorized persons entered the vacant second floor of the building, which was not rented to or occupied by insured, and stole plumbing fixtures therefrom by tearing them out of the walls and flooring of the second floor, breaking them loose from the connected water pipes, thereby permitting water to flow continuously over the floor of the second story, from whence the water leaked and came down through the ceiling of the first floor occupied by insured, damaging insured's goods, wares and merchandise in the sum of $14,388.90. Insured made claim against all insurers. Liability was denied by each insurer. Judgment was entered for that sum plus $1,500 attorneys' fees and court costs. Insurers' motion for new trial was overruled, except as to the item of attorneys' fees, whereupon this appeal was taken.

Insurers argue that the loss was the direct and proximate result of the acts of thieves and burglars, and since the vandalism endorsement excludes liability for loss caused by theft or burglary the loss is not covered.

This is a question of proximate cause. While the means and method by which the unauthorized persons entered the building are not disclosed by the stipulation of facts, we assume there was a sufficient breaking to constitute a burglary. What happened, then, was (1) a burglary, (2) acts of vandalism, *Romanych v. Liverpool & London & Globe Ins. Co.,* 8 Misc.2d 269, 167 N.Y.S.2d 398, 402, and (3) a theft. In our view the loss was directly caused by acts of vandalism, a specifically covered risk, notwithstanding a peril expressly excluded (burglary) was an antecedent contributing circumstance, and another peril expressly excluded (theft) was an independent concurring cause.

The burglary is not a factor in determining the proximate cause of the damage from water leakage. "An antecedent contributing circumstance is generally ignored in determining the proximate cause. That is to say, a situation which merely sets the stage for the later event is not regarded as being the proximate cause merely because it made possible the subsequent loss. For example, the explosion of gas, and not the lighting of a match, is the proximate cause of loss, where the explosion is caused by the lighting of a match in a room filled with gas. Likewise, the destruction of a plate-glass window, shattered when gas exploded upon its ignition by a lighted match being used to locate a gas leak, is by explosion, and not by fire, within an exception in a

policy insuring the window against loss by fire." 18 Couch on Insurance 2d § 74:714, p. 618.

Insurers cite *Frisbie v. Fidelity & Casualty Co.,* 133 Mo.App. 30, 112 S.W. 1024 (1908), as a case squarely in point. Frisbie sued on a plate glass insurance policy which excepted loss in consequence of fire. A fire was started elsewhere and burned up to the insured building, which was dynamited, either by town authorities or a concerted action of the property owners (including the rental agent of the building dynamited) to prevent the further spread of the fire. Pointing out that the people who wrecked the building were not actuated by wrongful motive but by apprehension that the building if not removed would be destroyed by fire and would be the vehicle for spreading the fire, the court held that the proximate cause of the plate glass loss was the fire; that the dynamiting was a natural and necessary result of the fire and not an independent, supervening cause. The court cited from another case in which property was intentionally destroyed, in which it was stated that the proximate cause is the efficient cause, "the one that necessarily sets the other causes in operation." Frisbie is to be distinguished on the ground that two elements present in that case are absent here, namely, necessity and consent.

In *Fawcett House, Inc. v. Great Central Insurance Co.,* 280 Minn. 325, 159 N.W.2d 268 (1968) an insured recovered under a casualty insurance policy which excluded any loss resulting from change in temperature, where a specifically covered risk (the act of vandals in shutting off insured's heating system during freezing temperatures) directly caused the condition which permitted the heating and plumbing system to freeze. The court said, 159 N.W.2d l.c. 270: " * * * the loss here is covered because it was directly caused by a specifically covered risk, even though indirectly and incidentally enhanced by another peril expressly excluded from coverage. *Anderson v. Connecticut Fire Ins. Co.,* 231 Minn. 469, 43 N.W.2d 807." In *Hatley v. Truck*

*Insurance Exchange,* 261 Or. 606, 494 P.2d 426 (banc 1972), adhered to and *rehear. den.,* 261 Or. 606, 495 P.2d 1196, an insured recovered under a policy of property insurance containing a vandalism and malicious mischief endorsement but excluding loss caused by surface water and water below the surface of the ground, where sometime during the night unknown persons took a hose lying on the ground near the building, turned on the hose full force and placed the hose near the building at the bottom of a sloping area and left it running for a protracted period, resulting in considerable damage. The court said, 494 P.2d l.c. 432: "The vandalism and malicious mischief endorsement was added to the policy to give coverage for damage caused by just such acts. Where the act of vandalism or malicious mischief consists of turning water against the building, and where there is water damage as a direct and immediate result of that act, the general policy exclusion for certain types of water damage does not apply."

Nor is the theft a controlling factor. If the theft be considered as a concurring cause of the loss, it was not the predominating, efficient one. The stealing and carrying away of the plumbing fixtures, after their severance, did not cause the damage to the goods of the insured. To the extent that the taking was concomitant with the vandalism, that element of stealing was a concurrent cause of the loss, but " * * * when there are two concurrent causes of a loss, the predominating, efficient one must be regarded as the proximate [cause], * * *." *Howard Ins. Co. v. Norwich & N. Y. Trans. Co.,* 12 Wall. 194, 20 L.Ed. 378 (1870). In *Allstate Ins. Co. v. Coin-O-Mat, Inc.,* 202 So.2d 598 (Fla.App.1967), it was held that loss suffered when persons entered a laundry owned and operated by insured and severely damaged 12 washing machines was not excepted from policy coverage of direct loss to insured's property through vandalism and malicious mischief by a clause in the policy excluding loss by theft or burglary even though it occurred in

the course of an actual or attempted theft or burglary.

If it be contended that the chain of causation was set in motion by the burglary and intent to steal, insured nevertheless should prevail under the rule that " *   * recovery may be allowed where the insured risk was the last step in the chain of causation set in motion by an uninsured peril, *   *   *." Revised Vol. 5, Appleman Insurance Law and Practice § 3083, p. 311.

We conclude that the burglary was an antecedent contributing circumstance but not a proximate cause; that the theft, while a concurrent cause, was not the predominating, efficient cause; that the proximate cause of the loss was the vandalism, a specifically insured risk. Accordingly the judgment is affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.