171 N.J. Super. 188 (1979)
408 A.2d 448
FRANKLIN PACKAGING COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
CALIFORNIA UNION INSURANCE COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT, AND HARRY KOOK & SONS, DEFENDANT AND THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1979.
Decided November 14, 1979.
*189 Before Judges SEIDMAN, MICHELS and DEVINE.
Mr. Bernard S. Glick argued the cause for appellant (Mr. George J. Rossi on the brief).
Mr. Stanley W. Kallman argued the cause for respondent (Messrs. Gennet & Kallman, attorneys).
BY THE COURT.
Plaintiff brought suit against its insurer, California Union Insurance Company (California), seeking recovery of damages to its premises and stock alleged to have been caused by vandalism and the flooding which followed. California filed a third-party suit against Harry Kook & Sons, a plumbing contractor, for indemnification, and plaintiff then amended its complaint to include the contractor as a direct defendant.
Defendant California issued a standard fire insurance policy to plaintiff which included coverage for "direct loss by Vandalism and Malicious Mischief." The terms "vandalism" and "malicious mischief" are defined to mean "only willful and malicious damage to or destruction of the property covered hereunder."
Another section of the policy states:
WATER EXCLUSION: This Company shall not be liable for loss caused by, resulting from, contributed to or aggravated by any of the following 
(a) flood, surface water, waves, tidal water or tidal waves, overflow of streams or other bodies of water, or spray from any of foregoing, all whether driven by wind or not;

*190 (b) water which backs up through sewers or drains;
(c) water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;
unless loss by explosion as insured against hereunder ensues, and then this Company shall be liable for only such ensuing loss.
At some time during the Memorial Day weekend of 1974 vandals broke into plaintiff's warehouse and drove a "high-low truck" into a water-cooled air conditioning unit, breaking a valve which created a constant flow of water. The air conditioning system was designed to permit water to run out of a half-inch pipe into a six-inch drain connected to the city sewer system. Notwithstanding the broken valve, the water would have drained out of the building but for a blockage in the six-inch pipe below the first floor caused by a burlap bag left in a drain on the same day by codefendant and third-party defendant Harry Kook & Sons while doing plumbing work.[1] As a result of the blockage the air conditioning water backed up, causing damage to plaintiff's inventory.
Defendant moved for summary judgment on the ground that the damage was caused by an excluded risk. Initially the trial judge denied summary judgment because the amount of damage to the air conditioner caused by vandalism, as distinguished from water, could not be determined. Subsequently, defendant offered to pay into court the sum of $378 covering the amount of damage to the air conditioner as claimed by plaintiff. The trial judge then reconsidered the motion and granted a summary judgment to defendant on the claim for water damage, holding *191 that such damage fell squarely within the policy exclusion. We disagree.
The general rule applicable to a factual context which presents a facial conflict between the risk covered and an exclusion is found in 5 Appleman, Insurance Law and Practice § 3083 at 309-311 (1970):
Where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produced the result for which recovery is sought, the insured peril is regarded as the proximate cause of the entire loss. It is not necessarily the last act in a chain of events which is, therefore, regarded as the proximate cause, but the efficient or predominant cause which sets into motion the chain of events producing the loss. An incidental peril outside the policy, contributing to the risk insured against, will not defeat recovery * * *. In other words, it has been held that recovery may be allowed where the insured risk was the last step in the chain of causation set in motion by an uninsured peril, or where the insured risk itself set into operation a chain of causation in which the last step may have been an excepted risk. [Emphasis supplied]
The cases relied on by defendant in support of its contention that Appleman's general rule is not authority in New Jersey are inapposite and not within the purview of the rule. In both Newman v. Great American Ins. Co., 86 N.J. Super. 391 (App. Div. 1965), and Brindley v. Firemen's Ins. Co. of Newark, 35 N.J. Super. 1 (App.Div. 1955), plaintiffs had extended coverage for "direct loss by windstorm" under policies which excluded wave and high water damage "whether driven by wind or not." In both, wind and high water occurred simultaneously, and plaintiffs were required to show that damage incurred was caused by wind.
Here we are dealing with sequential and not simultaneous events, the first being the insured against risk of vandalism, the last a backup due to the blockage of the drain. The sequence fits precisely within the general rule stated in Appleman.
*192 Cases in other jurisdictions have permitted recovery under similar facts. For example, in Hatley v. Truck Ins. Exchange, 261 Or. 606, 494 P.2d 426 (Sup.Ct. 1971), reh. den. 261 Or. 606, 495 P.2d 1196 (Sup.Ct. 1972), an exterior hose was turned on full force and aimed at plaintiff's building, flooding the first floor. It was held that although plaintiff's policy excluded loss caused by flood, surface water and water below the surface of the ground, plaintiff was covered because the loss was caused by vandalism, an included risk. In Cresthill Industries v. Providence Wash. Ins. Co., 53 A.D.2d 488, 385 N.Y.S.2d 797 (App.Div. 1976), vandals broke into a building, stole water fixtures and left the water running. The water damaged plaintiff's stock. Relying upon 5 Appleman, op. cit., § 3083, the New York Appellate Division concluded that plaintiff was covered. In Fawcett House, Inc. v. Great Central Ins. Co., 280 Minn. 325, 159 N.W.2d 268 (Sup.Ct. 1968), vandals broke into a building, turned off the heating system and caused damage resulting from a freeze-up of the plumbing. The policy insured against vandalism but excluded loss resulting from changes in temperature or humidity. Any change in temperature and humidity, the court said, had been caused by the vandalism, and the loss was "covered because it was directly caused by a specifically covered risk, even though indirectly and incidentally enhanced by another peril expressly excluded from coverage." 159 N.W.2d 270.
See, also, Frontis v. Milwaukee Ins. Co., 156 Conn. 492, 242 A.2d 749 (Sup.Ct.Err. 1968); Standard El. S. Co., Inc. v. Norfolk & Dedham M.F.I. Co., 1 Mass. App. 762, 307 N.E.2d 11 (Ct.App. 1973); Beauty Supplies, Inc. v. Hanover Ins. Co., 526 S.W.2d 75 (Mo. Ct. App. 1975).
The judgment granting summary judgment to defendant is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Plaintiff's action against Kook has been voluntarily dismissed. California Union's (defendant's), so far as we can tell, has not. Hence, defendant had no right to appeal. Because of the precedential value of the case we grant leave nunc pro tunc.