Nick **BARTHOLOMEW** and Cheryl **Bartholomew, Appellants,**

v.

**CAMERON COUNTRY MUTUAL INSURANCE COMPANY,**
**Respondent.**

No. WD 48683.

Missouri Court of Appeals,
Western District.

June 7, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 1994.

Application to Transfer Denied
Sept. 20, 1994.

---

David P. Macoubrie and Dana J. Macoubrie, Cleaveland, Macoubrie and Cox, Chillicothe, for appellants.

Lawrence W. Ferguson, Susan Ford Robertson, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for respondent.

Before TURNAGE, C.J., and FENNER and SPINDEN, JJ.

TURNAGE, Chief Judge.

Nick Bartholomew and his wife, Cheryl, filed suit against Cameron Country Mutual Insurance Company on a policy of insurance for damages caused by vandals. Cameron contended the loss was excluded under an exclusion clause in the policy and filed a motion for judgment on the pleadings which the court sustained. Bartholomew contends the loss was not excluded. Reversed and remanded.

Cameron issued an insurance policy to Bartholomew insuring a farm dwelling. The policy contained an endorsement which provided coverage for vandalism or malicious mischief. The policy also contained the following exclusion:

C. WATER EXCLUSION: This policy does not insure against loss caused by, resulting from, contributed to or aggravated by any of the following:

1. flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;

2. water which backs up through sewers or drains; or

3. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors or doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors.

About July 16 or 17, 1992 vandals turned on an outside water spigot on the Bartholomew home while the Bartholomews were away on vacation. The spigot remained on for about two days when it was discovered by a neighbor. During the time the water was on about 14,000 gallons of water poured into the ground next to the foundation of the Bartholomew home. The water ran into the ground and through the foundation walls and into the basement. The result was damage to the inside basement walls, floor coverings, and the contents located in the basement.

The parties agreed that the water spigot was turned on by vandals but Cameron contends that the water exclusion applies and it is not responsible for the water damage to the basement and contents.

No Missouri case precisely on point has been cited or located. However, a strikingly similar case is *Franklin Packaging Co. v. California Union Ins. Co.*, 171 N.J.Super. 188, 408 A.2d 448 (1979). In that case there was coverage for vandalism and malicious mischief and an identical water exclusion to that in the case at bar. In *Franklin*, vandals broke into a warehouse and drove a truck into a water cooled air conditioning unit which broke a valve and resulted in a constant flow of water. Although the air conditioning unit was connected with a drain, the drain was stopped up with the result that water backed up in the building which caused damage to the inventory.

In *Franklin* the defense was that the damage was caused by water which was excluded under the policy. The court disagreed and stated:

> The general rule applicable to a factual context which presents a facial conflict between the risk covered and an exclusion is found in *5 Appleman, Insurance Law and Practice, § 3083 at 309–311 (1970)*:
>
> > Where a peril specifically insured against sets other causes in motion which in an unbroken sequence and connection between the act and final loss, produced the result for which recovery is sought, the insured peril is regarded as the proximate cause of the entire loss. It is not necessarily the last act in a chain of events which is, therefore, regarded as the proximate cause, but the efficient or predominate cause which sets into motion the chain of events producing the loss. An incidental peril outside the policy, contributing to the risk insured against, will not defeat recovery * * *. In other words, it has been held that recovery may be allowed where the insured risk was the last step in the chain of causation set in motion by an uninsured peril, or where the insured risk itself set into operation a chain of causation in which the last step may have been an excepted risk.

The court stated that it was dealing with sequential and not simultaneous events, with the first being the act of vandalism, and the second the water backup caused by the blockage of the drain. The court held this sequence fit precisely within the general rule stated in *Appleman*. *Id.*, 408 A.2d at 450.

Cameron relies upon *Madison Block Pharmacy v. U.S. Fidelity & Guaranty*, 620 S.W.2d 343 (Mo. banc 1981). In *Madison* the policy insured against loss resulting from actual physical contact of a vehicle with the building containing the insured property. The policy contained an exclusion for water damage identical with the exclusion in the policy in the case at bar. The insured building in *Madison* was surrounded by flood waters when a boat struck the front door of the building which allowed flood waters to enter and cause extensive damage.

The Court in *Madison* pointed out that the policy contained a further limitation that "loss by ... vehicles shall mean only direct loss resulting from actual physical contact of ... a vehicle with the property covered hereunder or with buildings containing the property covered hereunder, ..." *Id.* at 346–347.[1] The Court did not discuss the water exclusion but held the language of the policy was unambiguous and that there could be no recovery by the insured.

*Madison* is distinguishable because that policy limited the loss resulting from physical contact with the building by a vehicle to the direct loss resulting from physical contact. The Cameron policy does not contain a limitation comparable to that contained in the policy considered in *Madison*. For that reason *Madison* is not applicable to this case.

This court finds *Franklin* to be persuasive and applies the general rule stated in *Appleman* and quoted above. The facts in this case fit precisely within the general rule stated in *Appleman* because here the insured risk of vandalism and malicious mischief set into operation a chain of events which in unbroken sequence caused the loss. Although the last link in the chain may have been an excepted risk, the insured peril is regarded as the proximate cause of the entire loss.

The judgment is reversed and this cause is remanded for further proceedings to determine the amount of loss suffered by Bartholomew.

All concur.

---

1. The Court assumed for the purpose of the opinion that the boat which struck the front door was operated as a vehicle.