_____

No. 96-2303
_____

TNT Speed & Sport Center, Inc., *
d/b/a TNT Golf Cars & Utility   *
Systems,                                *
                                        *   Appeal from the United States
          Appellant,            *  District Court for the
                                        *   Eastern District of Missouri
     v.                                 *
                                        *
American States Insurance       
Company,                                *
                                        *
          Appellee.             *

_____

Submitted: December 13, 1996

Filed: May 27, 1997
_____

Before WOLLMAN and MURPHY, Circuit Judges, and TUNHEIM,[1] District Judge.
_____

TUNHEIM, District Judge.

     Appellant TNT Speed & Sport Center, Inc. ("TNT") sold golf carts and operated a go-cart track in West Quincy, Missouri. On July 16, 1993, a vandal removed sandbags and dirt from a levee protecting West Quincy from the rising waters of the Mississippi River. The levee subsequently broke and river water flooded the West Quincy area. The water flooded TNT's property and destroyed TNT's buildings and personal property. TNT brought a declaratory judgment action against its insurer, American States Insurance Company ("American States"). On cross-motions for summary

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

judgment, the district court[2] ruled that the insurance policy American States issued to TNT did not cover TNT's losses.  TNT appeals.  We affirm.

I.    BACKGROUND

On or about October 1, 1992, TNT and American States entered into an insurance coverage agreement.  American States agreed to provide commercial property, commercial liability, commercial inland marine and commercial auto insurance to TNT for a one-year period starting on October 1, 1992.  The policy listed losses covered and made all covered losses subject to specified exclusions and limitations.  One of the express exclusions provided:

> We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

The policy defines one of the excluded causes as:

> Water . . . Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not; . . .

The district court, applying Missouri law in this diversity case, found that the insurance policy's exclusion of water loss or damage was unambiguous and prevented TNT from recovering under the policy.  TNT argues on appeal that the district court improperly applied Missouri law regarding the efficient proximate cause doctrine and that the proximate cause of TNT's loss was the act of vandalism, a covered loss.

---

[2]The Honorable Mary Ann Medler, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties.  See 28 U.S.C. § 636(c).

II.  ANALYSIS

We review the district court's ruling on a motion for summary judgment de novo.  Columbia Insurance Co. v. Baker, 108 F.3d 148, 149 (8th Cir. 1997).  The interpretation of insurance policies is governed by state law, and we review the district court's application of state law de novo.  Dupp v. Travelers Ins. Co., 80 F.3d 312, 313 (8th Cir. 1996).

Under Missouri law, an insurance policy is a contract and the rules of contract construction apply.  Herpel v. Farmers Ins. Co., Inc., 795 S.W.2d 508, 510 (Mo. App. 1990).  "If the language of an insurance contract is clear and unambiguous, the court does not have the power to rewrite the contract for the parties and must construe the contract as written."  Shaffner v. Farmers Mut. Fire Ins. Co., 859 S.W.2d 902, 906 (Mo. App. 1993).  Although ambiguities in insurance policies are generally construed as liberally as possible in favor of the insured, a court must accept the written policy as the expression of the agreement between the parties and give effect to the parties as disclosed by clear, unambiguous language.  Landes v. State Farm Fire & Cas. Co., 907 S.W.2d 349, 358 (Mo. App. 1995).

Missouri courts have recognized the doctrine of efficient proximate cause as a basis for recovery under insurance contracts.  Bartholomew v. Cameron County Mut. Ins. Co., 882 S.W.2d 173 (Mo. App. 1994).  The doctrine of efficient proximate cause governs situations where a risk specifically insured against sets other causes in motion in an unbroken sequence between the insured risk and the ultimate loss.  In such situations, the insured risk is regarded as the proximate cause of the entire loss, even if the last step in the chain of causation was an excepted risk.  Id. at 175 (citing 5 Appleman, Ins. Law and Practice § 3083 at 309-11 (1970)).  If the efficient proximate cause doctrine applied to this case, TNT could recover under its policy with American States because a covered risk, vandalism, set in motion a sequence of

events which ultimately caused the loss from water damage.  The vandalism would be the efficient proximate cause of the loss, regardless of whether the last step in the chain of causation was an excepted risk, water damage.

The issue in this case is whether the exclusionary language in American States' insurance policy precludes application of the efficient proximate cause doctrine.  The district court found that the express language of the exclusion was clear and unambiguous, and that Missouri courts had found similar language to be unambiguous.  Rodin v. State Farm Fire and Cas. Co., 844 S.W.2d 537, 539 (Mo. App. 1992).  The district court therefore concluded that, in accordance with Missouri law, the exclusion language must be enforced in accordance with its plain meaning.  See Safeco Ins. Co. v. Hamm, 718 F. Supp. 744, 747 (E.D. Mo. 1989).  The court found that the plain meaning of the exclusionary language was to directly address, and contract out of, the efficient proximate cause doctrine and exclude coverage for losses caused by water, regardless of the existence of any other contributing causes in any sequence.

Because the district court found that there was no controlling Missouri case which directly addressed the relationship between the efficient proximate cause rule and an exclusionary provision like the one in American States' policy, the district court reviewed decisions from other states' highest courts to determine the approach the Missouri Supreme Court would most likely take to resolving the issue.  The court concluded that the most analogous and more persuasive cases from other states recognize that parties may contract out of application of the efficient proximate cause doctrine.  See, e.g. Alf v. State Farm Fire and Cas. Co., 850 P.2d 1272 (Utah 1993); Kane v. Royal Ins. Co. of Am., 768 P.2d 678 (Colo. 1989); State Farm Fire Cas. Co. v. Paulson, 756 P.2d 764 (Wyo. 1988).  See also Schroeder v. State Farm Fire and Cas. Co., 770 F. Supp. 558 (D. Nev. 1991) (applying Nevada law); Millar v. State Farm Fire & Cas. Co., 804 P.2d 822 (Ariz. App. 1990)

Appellant argues that the district court erred in reviewing cases from other jurisdictions and contends that Missouri law is clear that the efficient proximate cause doctrine applies and that the exclusionary language in American States' policy is indistinguishable from the exclusionary language at issue in Bartholomew, which did not preclude application of the doctrine. We disagree. First, we agree with the district court that the Missouri Supreme Court has not decided the effect of the exclusionary language at issue. The exclusionary language in Bartholomew stated that the policy did not "insure against loss caused by, resulting from, contributed to or aggravated by any of the following: 1. flood, surface water, . . .." This policy did not employ language referencing directly the efficient proximate cause doctrine. In contrast, American States' policy excluded "loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." The language in American States' policy reflects an intent to contract out of application of the efficient proximate cause doctrine.

When a state's highest court has not addressed the precise question of state law at issue, a federal court must decide "what the highest state court would probably hold were it called upon to decide the issue." Hazen v. Pasley, 768 F.2d 226, 228 (8th Cir. 1985). In determining what the Missouri Supreme Court would probably hold if it were presented with this issue, it was entirely proper for the district court to consider relevant precedents from other jurisdictions. See Gilstrap v. Amtrak, 998 F.2d 559, 560 (8th Cir. 1993).

We affirm the district court's grant of summary judgment in favor of American States and its denial of TNT's motion for summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.