**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

VIRGINIA WARD,

        *Plaintiff-Appellant,*

  v.

SAFECO INSURANCE COMPANY OF AMERICA,

        *Defendant-Appellee.*

No. 21-35757

D.C. No. 1:19-cv-00133-SPW

ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF MONTANA

Filed February 3, 2023

Before: Richard A. Paez and Bridget S. Bade, Circuit Judges, and Haywood S. Gilliam, Jr.,[*] District Judge.

---

[*] The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Certification Order / Montana Law

The panel certified the following questions to the Montana Supreme Court:

1) Whether an anti-concurrent cause ("ACC") clause in an insurance policy applies to defeat insurance coverage despite Montana's recognition of the efficient proximate cause ("EPC") doctrine; and

2) Whether the relevant language in the general exclusions section on page 8 of the insurance policy in this case is an ACC clause that circumvents the application of the EPC doctrine.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

## I.  Questions Certified

Pursuant to Rule 15 of the Montana Rules of Appellate Procedure, we respectfully request that the Supreme Court of Montana decide the certified questions presented below. The answers to these questions of state law will be determinative of a central issue pending in this appeal, and there is no controlling precedent in the decisions of the Montana Supreme Court.  *See* Mont. R. App. 15(3).  We acknowledge that, as the receiving court, the Montana Supreme Court may reformulate the certified questions, Mont. R. App. P. 15(6)(a)(iii), and we will accept the decision of the Montana Supreme Court.

We respectfully certify the following questions to the Montana Supreme Court:

1)  Whether an anti-concurrent cause ("ACC") clause in an insurance policy applies to defeat insurance coverage despite Montana's recognition of the efficient proximate cause ("EPC") doctrine; and

2)  Whether the relevant language in the general exclusions section on page 8 of the Policy in this case is an ACC clause that circumvents the application of the EPC doctrine.[1]

---

[1] That language reads "We do not insure for loss caused by any of the following [listed excluded perils]. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area."

## II.  Statement of Facts

Appellant is Virginia Ward ("Ms. Ward"), the owner of a rental house and property in Livingston, Montana ("Property").  Ms. Ward purchased a Landlord Protection Policy ("Policy") from Safeco Insurance Company ("Safeco") to insure the Property.  In 2017, a water main line leading into the house broke, saturating the area around and under the property with water.  A few months later, soft spots developed on the floor of the house.  Investigation determined that the soil under the foundation had contracted as a result of the water damage, causing the foundation slab to sag.

Safeco informed Ms. Ward that the damage to the Property was not covered under the Policy based on its Earth Movement and Water Damage exclusions, which are listed as excluded perils in the Policy's ACC clause.[2]

The District Court granted summary judgment in favor of Safeco, finding that 1) the ACC clause barred coverage, 2) the Policy was not illusory or ambiguous, and 3) Safeco did not violate Montana's Unfair Trade Practices Act when it denied Ms. Ward coverage.  Ms. Ward appealed.

## III.   The Need for Certification

Under Montana's EPC doctrine, "where covered and noncovered perils contribute to a loss, the peril that set in motion the chain of events leading to the loss or the predominating        cause        is        deemed the efficient proximate cause or legal cause of loss." *Kaul v. State Farm Mut. Auto. Ins. Co.*, 2021 MT 67, ¶ 35, 403 Mont. 387, 482 P.3d 1196 (McKinnon, J., dissenting) (quotation

---

[2] The ACC clause language is set out in footnote 1.

omitted). *See also Park Saddle Horse Co. v. Royal Indem. Co.*, 261 P. 880, 884 (Mont. 1927) (stating that "[i]n determining the cause of a loss for the purpose of fixing the insurance liability, when concurring causes of the damage appear, the proximate cause to which the loss is to be attributed is the dominant, the efficient one that sets the other causes in operation; and causes which are incidental are not proximate, though they may be nearer in time and place to the loss" (quotation omitted)).

In this case, Safeco argues that the ACC clause in the Policy overrides the normal operation of the EPC doctrine, such that there is no coverage where *any* excluded peril caused the loss to *any* extent (even if a covered peril was the efficient proximate cause of the loss). Ms. Ward, on the other hand, contends that the EPC doctrine applies notwithstanding the ACC clause in the Policy, such that coverage exists if a covered peril is the efficient proximate cause of the loss, even if other excluded perils also contributed to the cause of the loss.

The Montana Supreme Court has held that parties to an insurance contract are free to agree to exclusions that are not statutorily prohibited. *See Stutzman v. Safeco Ins. Co. of Am.* 945 P.2d 32, 37 (Mont. 1997) ("[T]here is no statutory mandate for underinsured motorist coverage in Montana . . . [t]herefore, the parties may freely contract to produce exclusions or limitations on underinsured motorist coverage."). Safeco argues that Montana's legislature has not declared that Montana's public policy prohibits insurers from contracting around efficient proximate cause, and contends that Montana's insurance code does not prohibit insurers from contracting around the EPC doctrine.

In interpreting the law of states with an EPC doctrine, some courts have found that parties are free to contract around its application. *See, e.g., TNT Speed & Sport Ctr., Inc. v. Am. States Ins. Co.*, 114 F.3d 731, 733 (8th Cir. 1997) (affirming district court's decision based on conclusion that "the most analogous and more persuasive cases from other states recognize that parties may contract out of application of the efficient proximate cause doctrine"). But other courts have held that parties may not do so. *See, e.g.*, *Safeco Ins. Co. of Am. v. Hirschmann*, 773 P.2d 413, 416 (Wash. 1989) (explaining that Washington's efficient proximate cause rule "may not be circumvented" by exclusionary clause language). Relatedly, in some instances, these courts seem to suggest that exclusionary language similar to the wording in the Policy does not preclude application of the EPC doctrine. *See, e.g.*, *id.* at 416-17 (stating that "whenever the term 'cause' appears in an exclusionary clause it must be read as 'efficient proximate cause,'" such that "[w]hen an insured risk sets into operation a chain of causation in which the last step may be an excluded risk, the exclusion will not defeat recovery"). The Montana courts have not addressed these two issues.

The issues described in the certified questions appear to be recurring issues of law that implicate important public policy concerns under Montana law. *See, e.g., Oltz v. Safeco Ins. Co. of Am.,* 306 F. Supp. 3d 1243, 1257 (D. Mont. 2018) (holding that "Montana law does not prohibit anti-concurrent causes clauses," but reasoning that "an anti-concurrent cause clause may not exclude the efficient proximate cause of the loss"); *see also Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003) ("The certification procedure is reserved for state law questions that present significant issues, including those with important public

policy ramifications, and that have not yet been resolved by the state courts.").

Resolution of the certified questions will be determinative of a key issue in the pending appeal. If parties are not allowed to contract around the EPC doctrine, or if the ACC language in the Policy does not effectively do so, the central basis for the district court's reasoning in granting summary judgment in Safeco's favor would be eliminated. On the other hand, if parties are allowed to contract around the EPC doctrine using the language in the Policy, the only issues remaining in the case would be whether the relevant parts of the Policy are ambiguous or illusory, and whether Safeco violated the Unfair Trade Practices Act when it denied Ms. Ward coverage. In sum, the certified questions could determine the outcome of this appeal, and implicate significant public policy questions that have not been addressed by the Montana courts.

## IV. Counsel

The names and addresses of counsel for the parties, as required by Mont. R. App. P. 15(6)(a)(iv), are as follows:

> Attorneys for Virginia Ward: Rex Palmer and Lincoln Palmer, Attorneys Inc., P.C., 301 W Spruce Missoula, MT 59802.

> Attorneys for Safeco Insurance Company of America: John E. Bohyer, Bohyer, Erickson, Beaudette & Tranel, P.C., P.O. Box 7729, 283 Front Street, Missoula, MT 59807 and Brooke B. Murphy, MurphyMyers PLLC, 27 N. 27th Street, Ste. 21A, P.O. Box 1619, Billings, MT 59103.

## V.  Accompanying Materials

The Clerk shall forward a certified copy of this certification order, under official seal, to the Montana Supreme Court.  The Clerk is also ordered to transmit to the Montana Supreme Court a copy of the Excerpts of Record filed in this appeal and, if requested by the Montana Supreme Court, provide all or part of the district court record not included in the Excerpts of Record.  Mont. R. App. P. 15(5).  The Clerk is further directed to forward a copy of the briefs filed by the parties.

Submission of this appeal for decision is vacated and deferred pending the Montana Supreme Court's final response to this certification order.  The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the Clerk of this court within fourteen days of the Montana Supreme Court's acceptance or rejection of certification, and again, if certification is accepted, within fourteen days of the Montana Supreme Court's issuance of a decision.


**QUESTIONS    CERTIFIED;    PROCEEDINGS STAYED.**